**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES E. HALL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>REGAL ENTERTAINMENT GROUP,<br><br>　　　　　　Defendant. | **Case No. 1:15-cv-01005-EPG**<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

On July 2, 2015, Plaintiff James Hall ("Plaintiff") filed a Complaint. (ECF No. 1.) The Complaint alleged a single claim for negligence on the part of Defendant Regal Entertainment Group ("Defendant") and asserted that the Court had diversity jurisdiction over the matter under 28 U.S.C. § 1332(a) because Plaintiff is a resident of Washington and Defendant is a business entity headquartered in Tennessee. The Complaint does not contain any allegations concerning the specific amount in controversy in Plaintiff's claim. On October 27, 2015, the Court conducted an Initial Scheduling Conference. Counsel for both parties appeared telephonically. The parties expressed uncertainty as to the amount in controversy in the present action.

"Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on

1

appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002), *citing Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 49-50 (9th Cir. 1972). The "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996), *citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987).

Under 28 U.S.C. § 1332(a), a federal court's subject matter jurisdiction only arises "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . (1) citizens of different States . . ." Plaintiff's Complaint does not allege that the matter in controversy exceeds the sum or value of $75,000. And although it alleges that Plaintiff is a *resident* of Washington, the "diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), *citing Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Based on the facts alleged in the Complaint, the Court lacks subject matter jurisdiction over this case.

**ORDER**

Accordingly, Plaintiff James Hall is ORDERED to appear on December 2, 2015, at 9:30 a.m., in Courtroom 10, to show cause why his case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file, no later than November 25, 2015, either: (1) an amended complaint properly alleging the basis of this Court's subject matter jurisdiction; or (2) a response to the Order to Show Cause otherwise demonstrating the basis for the Court's subject matter jurisdiction. The Court has set another scheduling conference at this same date and time.

\\

\\

\\

\\

Accordingly, Plaintiff shall also appear at the scheduling conference that is set for December 2, 2015, at 9:30 a.m., in Courtroom 10. *Plaintiff is cautioned that failure to respond to this Order to Show Cause may result in the dismissal of this action.*

IT IS SO ORDERED.

Dated:   **October 28, 2015**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE