# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. HALL,<br><br>            Plaintiff,<br><br>      v.<br><br>REGAL ENTERTAINMENT GROUP,<br><br>            Defendant. | **Case No. 1:15-cv-01005-EPG**<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANT REGAL ENTERTAINMENT GROUP**<br><br>(ECF No. 37) |

On July 2, 2015, Plaintiff James E. Hall filed a complaint against Defendant Regal Entertainment Group, claiming that, as a result of Defendant's negligence, he fell and injured himself in Defendant's movie theatre. (ECF No. 1.) Specifically, Plaintiff claims that he fell on the stairs while entering the Regal Turlock Stadium 14 movie theatre on July 7, 2013. Plaintiff alleges that the stairs were not adequately maintained because there was a greasy substance on the carpet, which caused Plaintiff to slip and fall. (First Amended Complaint ¶ 10, ECF No. 23.) The litigation is currently proceeding on Plaintiff's First Amended Complaint, which alleges a single cause of action for negligence.

On September 2, 2016, Defendant moved for summary judgment on the issue of whether Defendant had either actual or constructive notice of the defective condition. (ECF No. 37.) Plaintiff opposed the motion (ECF No. 38), and Defendant filed a reply in support of the motion,

(ECF No. 40).  The Court heard oral argument on October 7, 2016, with Betty Fracisco telephonically appearing for Plaintiff and Nicholas Schieffelin appearing for Defendant.  (ECF No. 42.)  The Court took the matter under submission and issues its order as follows.

I. **LEGAL STANDARDS**

A. **Summary Judgment**

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 36(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.  For purposes of summary judgment, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed." Fed. R. Civ. P. 56(e)(2).

B. **Negligence**

Under California law, which applies in this action,[1] the elements of a negligence cause of action are "the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Castellon v. U.S. Bancorp*, 220 Cal.App.4th 994, 998 (2013).  A property owner has a duty to "exercise ordinary care in the management of his or her premises in order to avoid exposing persons to an unreasonable risk of harm." *Scott v. Chevron U.S.A.*, 5 Cal.App.4th 510, 515 (1992) (internal citations omitted).

"A store owner exercises ordinary care by making reasonable inspections of the portions of the premises open to customers, and the care required is commensurate with the risks

---

[1] "Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). The elements of a state cause of action are governed by state substantive law. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

involved." *Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 1205 (2001). "In the context of a business owner's liability to a customer or invitee, speculation and conjecture with respect to how long a dangerous condition has existed are insufficient to satisfy a plaintiff's burden." *Id.* at 1206. Although the owner's lack of knowledge is not a defense, "[t]o impose liability for injuries suffered by an invitee due to [a] defective condition of the premises, the owner or occupier 'must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises . . ." Id.

The Supreme Court of California explained the burden involved in negligence based on a dangerous condition on a landowner's premises:

> [W]here the plaintiff relies on the failure to correct a dangerous condition to prove the owner's negligence, the plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it. The courts' reasoning is that if the burden of proving lack of notice were placed on the owner in a slip-and-fall case, where the source of the dangerous condition or the length of time it existed cannot be shown, failure to meet the burden would require a finding of liability, effectively rendering the owner an insurer of the safety of those who enter the premises. Several courts believe that shifting the burden to the defendant would, contrary to existing negligence law, permit an inference of negligence to be drawn against the owner based solely on the fact that the fall or accident occurred.
>
> The plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence.  Knowledge may be shown by circumstantial evidence which is nothing more than one or more inferences which may be said to arise reasonably from a series of proven facts.  Whether a dangerous condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury, and the cases do not impose exact time limitations. Each accident must be viewed in light of its own unique circumstances.  The owner must inspect the premises or take other proper action to ascertain their condition, and if, by the exercise of reasonable care, the owner would have discovered the condition, he is liable for failing to correct it.

*Id.* at 1206–07.

## II. ANALYSIS

### A. Evidence Submitted by the Parties

Defendant puts forth evidence of the following material facts on the issues of: (1) its actual or constructive knowledge of the defective condition (a greasy substance on the carpeting of the movie theatre); and (2) its exercise of reasonable care:

- Prior to opening each day, the opening manager, usually an assistant manager, inspects each auditorium in the Theatre and completes a Manager's Daily Inspection Report. (Defendant's Statement of Undisputed Facts No. 37, ECF No. 37-1 ("DSUF").)

- As part of the daily inspection, the assistant manager checks the condition of the carpet and floors in each auditorium. (DSUF No. 38.)

- The purpose of the inspection is to assess and confirm that every auditorium is clean and safe. (DSUF No. 39.)

- On July 7, 2013, an assistant manager inspected auditorium No. 3 and confirmed that the carpet and floors were in good condition. (DSUF No. 40.)

- In addition to the daily morning inspections, after every movie showing, Regal employees, usually ushers, walk through and inspect each auditorium. (DSUF No. 41.)

- As part of every inspection, they confirm that the carpeted stairs are clean and free of debris and spills. (DSUF No. 42.)

- As a general matter, all Regal employees are trained to look for and clean up, pick up or report for correction any debris or moisture on the floor. (DSUF No. 42.)

In Plaintiff's opposition, Plaintiff largely concedes the above facts by noting them as "undisputed." However, Plaintiff adds the following clarifications and additional facts, and argues that together Plaintiff has met its burden on summary judgment as to the breach of Regal's duty of due care:

- The time of the morning inspection is 8:45 a.m., about 6.5 hours before the incident. No standards are given for what "good condition means." (Plaintiff's Response to Defendant's Statement of Undisputed Facts No. 37, ECF No. 38-2 ("PRDSUF").)

- Ushers are equipped with only a brush, trash can, and paper towels. They have no carpet cleaner, cleaning solutions, or scrapers. They are not equipped to pick up or eliminate the greasy, sticky substance described by the Plaintiff, and therefore do not pick it up. (PRDSUF No. 42.)

- After reporting the incident, Plaintiff sat in the auditorium for about 30 minutes, and no one came to clean up the cause of his fall. (PRDSUF No. 46.)

- The Theater was inspected by Plaintiff's counsel and expert on August 22, 2016. Slippery and sticky spots were observed even though the janitors had cleaned and the Theater knew of the inspection in advance. (PRDSUF No. 47.)

**B. Application of Evidence**

The Court has carefully considered the evidence submitted in light of the negligence standards cited above. The evidence is largely undisputed, although the conclusion based on the

4

evidence is not.  Defendant has put forth undisputed evidence of conducting inspections in the morning and before each showing, including the Plaintiff's movie showing, which did not reveal the greasy substance.  In response, Plaintiff does not put forth any evidence that Defendant knew of the greasy substance.  Plaintiff does not, for example, put forth any testimony from an usher, other patron, or even the Plaintiff himself, seeing a greasy substance in that location before Plaintiff's fall.  Plaintiff does not put forth any evidence disputing that inspections were done in the regular course of business or that this theater was inspected prior to the movie showing at issue.  Thus, Plaintiffs have not met their burden to present disputed facts regarding whether Defendant had actual or constructive knowledge of the greasy substance.

Plaintiff did put forth evidence disputing that Defendant conducts inspections with reasonable care.  Plaintiff alleges that the usher-inspectors are not equipped with the proper equipment to clean up spills because they lack carpet cleaner, cleaning solutions, or scrapers.  The relevant factual evidence regarding this dispute comes from the deposition of Jessica Rivera, an usher for Defendant, who testified that if there is a spill, "we immediately pick it up or soak it up" with paper towels.  She also confirmed that picking up trash and soaking up spills encompassed the entire universe of her responsibilities with respect to keeping the theater clean.  (Deposition of Jessica Rivera ("Rivera Decl.") 43:7-24, ECF No. 38-1, p.8.)  This testimony supports Defendant's contention that ushers ordinarily clean up spills with paper towels.  There is no evidence that spills are ignored or that the paper towels are insufficient for this purpose.

Plaintiff's purported evidence that slippery and sticky spots were observed during an inspection during the litigation is insufficient to raise a disputed question of material fact because the observation was made three years after the incident in question.  It is insufficient to establish notice of the greasy substance at the time of the fall.  That said, the Court was troubled by Mr. Schuller's declaration and its implications for Defendant's current safety procedures.

Plaintiff also contends that Defendant failed to clean up Plaintiff's actual spill for at least 30 minutes after Defendant was notified.  (Reply to Plaintiff's Response to Defendant's Statement of Undisputed Facts No. 46, ECF No. 40-1.)  The failure to clean up the spill upon notification does not display reasonable care by Defendant.  It suggests that Defendant did not

take spills seriously at the time of Plaintiff's fall.  Defendant's only answer is that this evidence concerns the time immediately *after* the spill and does not establish actual or constructive notice *before* the spill.

Ultimately, the Court agrees with Defendant that this fact is insufficient to raise a genuine issue of material fact as to actual or constructive notice before Plaintiff's fall.  Defendant's response to the spill, or lack of any response, occurred *after* the fall.  It does not provide evidence of Defendant's failure to inspect the theater before Plaintiff's fall, nor does it raise an inference of actual or constructive notice of any greasy substance before the fall.  It may show a negligent response to the fall or a risk to other customers after Plaintiff's fall, but neither of those issues is presented in the current litigation.  The Court finds that this fact alone does not satisfy Plaintiff's burden on summary judgment as to the element of notice.

## III.  CONCLUSION

For the foregoing reasons, the Court finds that Defendant is entitled to summary judgment as a matter of law because there is no genuine issue of material fact as to an element of Plaintiff's negligence cause of action.  Defendant's Motion for Summary Judgment (ECF No. 37) is GRANTED in full.  The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:  **October 17, 2016**            /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE